**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Kelly Young,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-18-00036-TUC-CKJ (MSD)<br><br>**ORDER** |

This matter is on referral pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure. Pending before the Court is Petitioner Ronald Kelly Young's motion to supplement his petition for writ of habeas corpus. (Doc. 43.) Respondents partially oppose Young's request to the extent Young raises an ineffective-assistance claim not alleged in the original or amended petitions. (Doc. 51.) For the following reasons, Young's motion will be granted in full.[1]

**I.    Legal Standard**

Title 28 U.S.C. § 2242 provides that habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Thus, amendments to habeas petitions are analyzed under Federal Rule of Civil Procedure 15, the rule governing pleading amendments in civil cases. *See Mayle v. Felix*, 545 U.S. 644,

---

[1] "[A] magistrate judge may hear and determine nondispositive matters but not dispositive ones." *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (citing *Mitchell v. Valenzuela*, 791 F.3d 1166, 1168 (9th Cir. 2015)). The "decision to *grant* a motion to amend is not generally dispositive." *Id.* at 1164 (emphasis in original). Therefore, Young's motion will be resolved without a report and recommendation.

655 (2005). Under Rule 15(c), "a petitioner may add an otherwise untimely claim to her habeas petition if it relates back to a timely-filed claim." *Alfaro v. Johnson*, 862 F.3d 1176, 1183 (9th Cir. 2017). A claim relates back if it "ar[ises] out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "An amended habeas petition . . . does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650.

## II. Discussion

The ineffective-assistance claim in dispute is an adjunct to one of Young's timely filed *Brady* claims. In his petitions, Young alleges that the prosecution violated *Brady* by withholding the "exculpatory expert opinion" of FBI Special Agent Kelly Goldsmith. (Doc. 1 at 36–42; Doc. 17-1 at 24–29.) In his supplemental brief, Young alleges that trial counsel were ineffective for failing to investigate Agent Goldsmith's work and to ultimately call Agent Goldsmith to testify as a defense witness. (Doc. 45 at 9.) Respondents argue that this ineffective-assistance claim was not raised in the original or amended petitions and must be rejected because it does not relate back to any timely filed claim. (Doc. 51 at 1–3.) Apparently conceding that he did not raise the claim earlier, Young contends that it indeed relates back. (Doc. 52 at 1–3.)

The Court finds that Young's ineffective-assistance claim is timely because it relates back to the timely filed original and amended petitions. The "conduct, transaction, or occurrence" underlying Young's claim is straightforward: first, Agent Goldsmith's opinions rebutted the opinions of the prosecution's expert and thus were favorable to Young; and, second, trial counsel were deficient in failing to identify Agent Goldsmith as a favorable witness and to call Agent Goldsmith at trial. (Doc. 45 at 9.) Young did not sufficiently set forth the foregoing facts and ground for relief in the original and amended petitions. However, an amended pleading can also relate back if it "ar[ises] out of the conduct, transaction, or occurrence . . . *attempted to be set out* in the original pleading." Fed. R. Civ. P. 15(c)(1)(B) (emphasis added). Young plainly attempted to set out his

ineffective-assistance claim in the original and amended petitions.

First, Young raised a factually related *Brady* claim (described above). (Doc. 1 at 36–42 (original petition); Doc. 17-1 at 24–29 (amended petition).) Young prefaced his *Brady* claims by asserting the claims "also serve as legal grounds for Young's additional claims of . . . ineffective assistance of counsel." (Doc. 1 at 37; Doc. 17-1 at 24–25.) Second, Young raised various claims of ineffective assistance of counsel, including one based on trial counsel's alleged failure to investigate his case adequately, either personally or through supervision of the defense investigator. (Doc. 1 at 57–58; Doc. 17-1 at 45–46.) In this broad sub-claim, Young expressly incorporated the facts from his *Brady* claim relating to Agent Goldsmith's exculpatory opinions. (Doc. 1 at 58; Doc. 17-1 at 46.)

These allegations evince an intent to allege an ineffective-assistance claim based on counsel's failure to identify Agent Goldsmith as a favorable defense witness. Thus, the new ineffective-assistance claim arises from the conduct, transaction, or occurrence that Young attempted to set out in the original and amended petitions (not from the *Brady* claim Young did set out, as Respondents argue). As such, the claim is timely.

**IT IS ORDERED** that the motion to supplement (Doc. 43) is **granted**. The Clerk of Court is directed to file Petitioner's supplemental memorandum (lodged at Doc. 45).

**IT IS FURTHER ORDERED** that, within **14 days** of the date of this Order, Respondents shall file an answer to Petitioner's new claim of ineffective assistance of counsel. Petitioner may file a reply within **7 days** of service of the answer. The answer and reply shall not exceed five pages in length or address any other issue.

Dated this 16th day of September, 2019.

_____
Maria Davila
United States Magistrate Judge